IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD JAMES BUCKNELL, #1277904 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv184 |
| | | CONSOLIDATED WITH |
| DIRECTOR, TDCJ-CID | § | CIVIL ACTION NO. 4:10cv216 |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Richard James Bucknell, an inmate confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Procedural History of the Case

The Petitioner is challenging his Collin County convictions for the offense of aggravated sexual assault of a child in Cause Numbers 219-81599-03 and 219-81600-03. The convictions concern the aggravated sexual assault of his stepdaughters, who were nine and eleven at the time of the trial. On December 3, 2004, after a jury trial, he was sentenced to two fifty year terms of imprisonment, with the sentences running concurrently. The convictions were affirmed. *Bucknell v. State*, Nos. 05-05-00114-CR, 05-05-00115-CR, 2007 WL 2183059 (Tex. App. - Dallas July 31, 2007, pet. ref'd).

On October 6, 2008, the Petitioner filed two applications for writs of habeas corpus in state court challenging the convictions. The Texas Court of Criminal Appeals denied both applications without written order on February 23, 2011.

The Petitioner filed the present petition for a writ of habeas corpus challenging the convictions on April 12, 2010. He argued that he is entitled to federal habeas corpus relief because his trial and appellate attorneys were ineffective. The petition was severed into two cases in light of the fact that there were two separate state court convictions. Both cases were dismissed for failure to exhaust since

1

the state applications were pending at the time the federal petitions were filed.  The Fifth Circuit, however, vacated the judgments since the state applications were decided during the pendency of the federal petitions.  *Bucknell v. Thaler*, 488 Fed. Appx. 851 (5th Cir. Sept. 14, 2012).

On October 18, 2012, the cases were consolidated and the Director was ordered to show cause why relief should not be granted.  The Director filed an answer (docket entry #25) on February 11, 2013.  The Petitioner filed a reply (docket entry #26) on February 27, 2013.

<u>Factual Background of the Case</u>

The state court of appeals discussed the factual background of the case as follows:

> The assaults occurred during Bucknell's four-year marriage to C.L. and A.L.'s mother, and consisted, per the indictments, of digital penetration of C.L.'s sexual organ and oral contact of A.L.'s sexual organ. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i),(ii), (a)(2)(B) (Vernon Supp.2006).
>
> At trial, C.L., age eleven, testified Bucknell began molesting her when she was "about" six years old and continued until her mother separated from him when she was "about" nine. C.L. testified she often "crawled into bed" in the middle of the night with her mother and Bucknell and would later be awakened by Bucknell's touching and rubbing her "private part-the part you use the bathroom with" with his hand and fingers. According to C.L., Bucknell would sometimes touch and rub over her clothes and other times would "go down through the waist of [her] shorts or panties" and touch her skin. Bucknell would also touch her in the "wrong places"-"the bottom half that['s used for] the restroom"-when bathing her. The touching "did not hurt, but felt weird." C.L. testified that in addition to the touching, there were times when Bucknell pressed his "front part" up against her "back part" and took her hand, put it on his "front part," and told her to just "keep it there." Bucknell also showed her pornographic movies. Although she knew what Bucknell was doing was wrong, C.L. did not immediately tell her mother because Bucknell told her not to tell and she did not want to break up the marriage. C.L. finally disclosed what had happened after learning that one of her friends had disclosed that Bucknell had also touched her inappropriately. C .L. testified that she did not know Bucknell had molested A.L. until after she was interviewed by a child advocacy caseworker.
>
> A.L., age nine at trial, also testified that Bucknell "did bad stuff" to her. In addition to touching and rubbing her "hiney" and legs, he pinched her in the chest, put her hand on his "private part," "licked" her "hiney," and showed her pornographic movies. Although she too knew what Bucknell was doing was wrong, she did not disclose the abuse until she was interviewed by a caseworker. A.L. testified she "did not say anything" because she was afraid.
>
> Michelle Hiza, a Child Protective Services worker, and McKinney detective Ida Wei testified they investigated the allegations and, as part of the investigation, observed the interviews of C.L. and A.L. and also individually interviewed Bucknell. A.L. and C.L. were very descriptive in their interviews and C.L. even demonstrated how Bucknell touched her. According to Hiza, Bucknell informed her he had a drug problem and "pretty much corroborated" what A.L. and C.L. had disclosed "except he stated it was all an accident." From Bucknell's demeanor and responses during the interview, Hiza believed Bucknell was deceptive and manipulative, like many sex offenders. Wei testified similarly to Hiza, stating

2

that Bucknell also admitted a drug problem during his interview with her and also that he "inadvertently could have touched [C.L.'s] labia majora" and "accidentally could have brushed [his] mouth up against [A.L.'s] labia majora." Both Hiza and Wei believed the children had been assaulted and Bucknell's actions were not accidental. The interviews of Bucknell were videotaped and the videotapes admitted into evidence and shown to the jury.

Beth Hudson, a sexual abuse nurse examiner, testified she examined both C.L. and A.L. following the disclosures. Although the physical exams were normal, a common situation given the nature of the allegations, she believed Bucknell had committed aggravated sexual assault based on C.L. and A.L.'s description of what happened. Hudson testified that as C.L. told her that Bucknell had "rubbed between her legs" with his hands, she pointed to her "female sexual organ." Hudson considered Bucknell's rubbing between C.L.'s legs to be penetration because "when you go between the legs, you hit the labia majora and that's the barrier for penetration."

Bucknell did not testify and did not call any witnesses.

*Bucknell v. State*, 2007 WL 2183059 at *1-2. The Fifth Court of Appeals found that the evidence was sufficient to support the conviction. *Id.* at *3.

### Discussion and Analysis

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).

The prospect of federal courts granting habeas corpus relief to state prisoners was severely limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-413 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-1225 (5th Cir. 1997). The statutory provisions require federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). The Supreme Court explained that the new provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

   The Petitioner presented two grounds for relief. He initially argued that his trial attorney was ineffective. He presented seven reasons why he believes that his trial attorney was ineffective. In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. He must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

The Petitioner initially argued that his trial attorney was ineffective for failing to require the trial court to conduct a hearing pursuant to Tex. Code Crim. Proc. Ann. art. 38.072, which concerns outcry hearsay statements made by a child abuse victim.  The Petitioner asserted that such hearings are very important in child sexual assault cases because it allows the trial court to determine if an outcry was made by the child and, if so, who was the outcry witness, in other words, the first person the child told of the events who was over 18 years of age.  He asserted that the trial court could have dismissed the case if there was no outcry witness.  Also, the trial court could have determined who the outcry witness was regardless of who the State designated as the outcry witness.

The Director initially argued that the Petitioner's claim is conclusory and should be rejected for that reason.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  The Director also noted that counsel actually made a pretrial request for such a hearing.  Furthermore, trial counsel submitted an affidavit in the state habeas corpus proceedings, which included the following response:

> I clearly requested 38.072 hearings prior to trial, this is shown in Applicant's own transcript exhibits.  I clearly asked for them prior to the beginning of trial as shown in Applicant's exhibit 2.  Without reviewing the entire transcript I cannot say with certainty if there was a 38.072 hearing prior to the testimony.  I have not reviewed the entire transcript on this trial but from my notes it appears that the witnesses he names did not even testify to the actual outcry of the children.

SHCR-01 at 117.

The state habeas court issued the following findings on this ground for relief:

> In Applicant's first claim, he argues counsel failed to ensure a 38.072 hearing before the victim's mother testified as an outcry witness.  The parties initially intended to hold the hearing before she testified but not pretrial.  CR 73: 3 RR 8.  Counsel does not recall whether the hearing ultimately occurred, and it is not contained in the record.  Nonetheless, both child victims had already extensively testified about the details of the offenses before their mother testified, and other testimony detailed only that Applicant had once touched one of the girl's vaginas before law enforcement assumed their investigation.  The details of the sexual activity were not disclosed until CPS interviewed the children.  Applicant cannot demonstrate surprise that the outcry occurred or about its content, and the complainant's similar and more detailed testimony prevented any prejudice from the lack of a hearing.  *See Moore v. State*, 233 S.W.3d 32, 37 (Tex. App. - Houston [1st Dist.] 2007, no pet).

SHCR-01 at 132-33.  The Texas Court of Criminal Appeals subsequently denied the state applications for a writ of habeas corpus.

5

The Director argued that trial counsel's affidavit and the state habeas corpus court's findings show that an outcry hearing was not necessary and a lack thereof was not prejudicial.  He correctly observed that counsel cannot be found deficient for failing to present unnecessary argument.  *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).  He thus argued that the Court of Criminal Appeals' rejection of this argument was reasonable.  *Richter*, 131 S.Ct. at 786; 28 U.S.C. § 2254(d).

In his reply, the Petitioner reiterated that it was important for trial counsel to ensure that the trial court conducted an Article 38.072 hearing.  He noted that the claims of the more serious offenses did not come from the mother.  There was no outcry to anyone until law enforcement became involved.

The Texas Court of Criminal Appeals discussed Article 38.072 hearings in *Sanchez v. State*, 354 S.W.3d 476 (Tex. Crim. App. 2011).  The Court noted that hearsay evidence is inadmissible unless it falls into one of the exceptions provided by the Rules of Evidence or statutory authority.  *Id.* at 484.  Article 38.072 is one such exception.  "When a defendant is charged with certain offenses against a child under the age of 14 or a disabled individual, Article 38.072 allows into evidence the complainant's out-of-court statement so long as that statement is a description of the offense and is offered into evidence by the first adult the complainant told of the offense.  Though the terms do not appear in the statute, the victim's out-of-court statement is commonly known as an 'outcry,' and an adult who testifies about the outcry is commonly known as an 'outcry witness.'" *Id.*  The Court further observed that the statutory provision comports with the guarantees of the Sixth Amendment because the child declarant is available for cross-examination at trial.  *Id.* at 486 n.26.

In the present case, relief should be denied because the Petitioner offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000);  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990);  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  He stated nothing more than an Article 38.072 hearing was never conducted and that counsel was ineffective for failing to require the trial court to conduct an Article 38.072 hearing.  He did not, however, identify any statements that were admitted as outcry testimony.  As explained by the Texas Court of Criminal Appeals in *Sanchez*, outcry statements are admissible as an exception to the general rule prohibiting

6

the admission of hearsay statements.  The Petitioner did not identify any evidence that was admitted on this basis.  He did not show that there was a need for an Article 38.072 hearing.  As such, he failed to show that counsel had any reason to object to the trial court's failure to conduct an Article 38.072 hearing.  Counsel was not required to make frivolous or futile motions or objections.  *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d at 527.  The Petitioner has not shown that his trial attorney's representation was deficient for failing to object to the failure of the trial court to conduct an Article 38.072 hearing.

The first ineffective assistance of counsel claim lacks merit for the additional reason that the Petitioner failed to satisfy the second *Strickland* prong requiring a showing of prejudice.  The trial court appropriately observed that both children had testified by the time their mother testified.  Presumably, the mother was the outcry witness, but anything she had to say was cumulative to the evidence provided by the children.  The Petitioner has not shown any prejudice in light of the complainants' similar and more detailed prior testimony.  *See Moore v. State*, 233 S.W.3d at 37.  The Director persuasively argued that the Texas Court of Criminal Appeals' rejection of this ground for relief was reasonable.  Stated differently, relief should be denied because the Petitioner has not satisfied his burden under § 2254(d) of showing that the decision was unreasonable in order to obtain federal habeas corpus relief.

The Petitioner next argued that trial counsel was ineffective for failing to object to Beth Hudson's testimony as hearsay.  He explained that Beth Hudson was not a licensed physician and therefore could not testify under the hearsay exception rule because she could not render a diagnosis or provide treatment.  He noted that the examination of Beth Hudson did not reveal any evidence of any type of trauma or injuries and the child related nothing of any suffering because of the alleged offense.

This issue was fully developed in the state habeas corpus proceedings.  The Petitioner's trial attorney provided the following response, "As to Beth Hudson, SANE, Texas case law is clear that nurses getting information to diagnose or treat is admissible as hearsay exception 803(4)."  The trial court then found that counsel did not lodge a hearsay objection to her testimony because it was

unwarranted. *See Barnes v. State*, 165 S.W.3d 75, 82 (Tex. App. - Austin 2005, no pet.).  The Texas Court of Criminal Appeals subsequently denied the application for a writ of habeas corpus.  The Director argued that relief should be denied because the Texas Court of Criminal Appeals' rejection of this argument was reasonable.

Hearsay testimony by a sexual assault nurse examiner ("SANE") as to statements of a victim describing abuse by a defendant is admissible under the hearsay exception. *Prieto v. State*, 337 S.W.3d 918, 920-21 (Tex. App. - Amarillo 2011, pet. ref'd); *Barnes v. State*, 165 S.W.3d at 82.  Counsel's representation was not deficient for failing to lodge an objection.  He was not required to make a frivolous objection.  The second ineffective assistance of counsel claim lacks merit.  Moreover, relief should be denied because the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

The Petitioner's third ineffective assistance of counsel claim asserted that trial counsel was ineffective for failing to object to testimony regarding a video interview of the child/children because they were not authenticated nor admitted into evidence by the State.  He added that trial counsel allowed the State to refer to and allow witnesses to testify to video interviews which were not even admitted into evidence or authenticated by the State.

This issue was likewise fully developed during the state habeas corpus proceedings.  Counsel made the following statement in his affidavit:

> As to witnesses who testified after seeing video of the children, I feel confident that the Prosecutor would have happily agreed to allow the videos in if I had agreed.  These certainly would not have helped Mr. Bucknell but would have further corroborated the complainant children's live testimony.

The trial court then made the following conclusion:

> In Applicant's third claim, he asserts his attorney should have objected to testimony referring to a videotape never admitted into evidence.  As trial counsel recognized, the State could have introduced the tapes, and they could have been properly authenticated. *See* Counsel's Affidavit at 2.  Counsel, however, did not believe their admission would benefit his client, and he made a reasonable strategic decision not to risk their admission by not objecting. *Id.*  Further, counsel also did not object because expert witnesses may rely on information not introduced into evidence in forming their opinions. *See* Tex. R. Evid. 703.

8

The Texas Court of Criminal Appeals subsequently denied the application for a writ of habeas corpus. The Director accordingly argued that relief should be denied because the Texas Court of Criminal Appeals' rejection of this argument was reasonable.

The trial court properly observed that the only option available to counsel was to object to the testimony because the videos had not been admitted into evidence, which would have been a futile gesture since the State could have introduced the videos into evidence.  As counsel noted, the State would have happily agreed to having the videos introduced if he had demanded that they be introduced. Counsel made the strategic decision not to object.  The Supreme Court explained in *Strickland* that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *See Strickland,* 466 U.S. at 690-91.  Federal courts "will not question a counsel's reasonable strategic decisions." *Bower v. Quarterman*, 497 F.3d 459, 470 (5th Cir. 2007), *cert. denied*, 553 U.S. 1006 (2008).  In applying *Strickland*, the Fifth Circuit has held that "the failure to present a particular argument or evidence is presumed to have been the result of strategic choice."  *Taylor v. Maggio*, 727 F.2d 341, 347-48 (5th Cir. 1984).  Habeas corpus relief is unavailable if a petitioner fails to overcome the presumption that counsel made sound strategic decisions. *Del Toro v. Quarterman*, 498 F.3d 486, 491 (5th Cir. 2007), *cert. denied*, 552 U.S. 1245 (2008).  In the present case, the Petitioner failed to overcome the presumption that counsel made a sound strategic decision.  He has not shown that he is entitled to federal habeas corpus relief.  Furthermore, relief should be denied because the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

In his fourth ineffective assistance of trial counsel claim, the Petitioner argued that his attorney was ineffective for failing to object to repeated instances of bolstering by the State's witness.  He added that trial counsel allowed numerous State witnesses to bolster the credibility of each other as well as the children.  He asserted that trial counsel even had a State witness bolster another on cross-examination of that witness.  He did not identify anything in the record to support his claim.  He

offered nothing other than conclusory allegations and bald assertions, which are insufficient to support

a petition for a writ of habeas corpus.  *See Miller v. Johnson*, 200 F.3d at 282;  *Koch v. Puckett*, 907

F.2d at 530;  *Ross v. Estelle*, 694 F.2d at 1011.

Despite the conclusory nature of the claim, it is noted that the issue was fully developed during

the state habeas corpus proceedings.  Counsel made the following statement in his affidavit:

> I have not reviewed the entire transcript in this case.  However, from my recall and from my
> notes of the trial, I did not object anytime these witnesses tried to testify as to the truthfulness
> of the allegations made by the alleged victims as this is a fact question for the jury.

The trial court thereafter made the following findings:

> Applicant's fourth claim challenges counsel's failure to object to testimony suggesting that
> some witnesses believed the victims and disbelieved him.  Counsel objected to an inquiry
> about the detective's belief in Appellant story that the offense occurred accidentally.  3 RR
> 164.  The objection did not preserve the claim because counsel did not object to similar
> testimony.  *See Bucknell*, at 9.  Nonetheless, both the State and Applicant probed numerous
> witnesses about their impressions of the videotaped interviews of the children and Applicant.
> *See, e.g.,* 3 RR 79-81, 90, 102, 111, 131, 135; 4 RR 14, 35, 55, 57.  In addressing the
> harmfulness of similar testimony from another witness, the Court of Appeals noted that the
> jury bore the sole responsibility for making credibility determinations and the amount of
> weight to accord evidence, as it was instructed.  *See Bucknell*, at 8.  Applicant cannot establish
> that the jury did not independently make [its] assessments of the testimony of the victims and
> Applicant, especially as it acquitted him of one count.  *See Schutz v. State*, 63 S.W.3d 442, 445
> (Tex. Crim. App. 2001) (noting that a jury's acquittal of one offense[s] indicates it did not
> abdicate its role as fact-finder).

The Director persuasively argued that relief should be denied because the Texas Court of Criminal

Appeals' rejection of this argument was reasonable.  In addition to relief being denied because the

claim is conclusory, relief should be denied on the fourth ineffective assistance of trial counsel claim

because the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the

Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

The Petitioner next alleged that trial counsel was ineffective for failing to request and/or hold

any hearings under Rule 702 to the State's alleged expert witnesses.  Trial counsel purportedly allowed

numerous witnesses to testify concerning things of which the witnesses were not qualified, such as

drug and/or alcohol abuse and human lie detection.

10

The state trial court rejected the fifth ineffective assistance of counsel claim as follows:

> In Applicant's fifth claim, he alleges that trial counsel was ineffective for failing to challenge the qualifications of the witnesses designated as experts. Beth Hudson is a registered nurse, and Jennifer Edwards is a sex offender treatment provider. *See Bucknell*, at 3, 6. Nurses and other medical professionals are typically qualified to testify as experts in evaluating child abuse cases. *See Gregory v. State*, 56 S.W.3d 164, 179 (Tex. App. - Houston [14th Dist.] 2001, pet. dism'd). Counsel was not deficient for not requesting a 702 hearing to determine their qualifications to testify. Further, observations that do not require[] significant expertise to interpret and are not based on a scientific theory can be admitted as a lay opinion[]. *See Osbourn v. State*, 92 S.W.3d 531, 531, 537 (Tex. Crim. App. 2002). Applicant cannot establish that trial counsel was ineffective for not challenging the expert witnesses' qualifications.

It is again noted that the Texas Court of Criminal Appeals subsequently rejected the Petitioner's claim in denying relief. The Director persuasively argued that relief should be denied because the Texas Court of Criminal Appeals' rejection of this argument was reasonable.

The state habeas court appropriately noted that nurses are typically qualified to testify in child abuse cases. *Gregory*, 56 S.W.3d at 179. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d at 255; *Koch v. Puckett*, 907 F.2d at 527. The Petitioner has not shown that counsel's representation was deficient for failing to object. Moreover, relief should be denied on the fifth ineffective assistance of trial counsel claim for the additional reason that the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

In his sixth ineffective assistance of trial counsel claim, the Petitioner alleged that his trial attorney was ineffective for failing to file a motion in limine to prevent the State and its witnesses from referring to the complainants as victims.

The state trial court issued the following conclusion with respect to this claim:

> Applicant's sixth claim alleges counsel's failure to prevent the State from referring to the victims as victims because it assumed the truth of a contested matter. Use of the term "victim" in a court's charge does not assume the truth of controverted issue where that is the language the legislature uses. *See Casey v. State*, 215 S.W.3d 870, 887 (Tex. Crim. App. 2007). A prosecutor's or State's witness' use of the word victim to refer to the children is not surprising and would not be viewed as anything other than a contention of the prosecution. *See Weatherly v. State*, 283 S.W.3d 481, 486 (Tex. App. - Beaumont 2009, pet. ref'd). Even if counsel should have sought to prevent the complainants from being labeled victims, the charge clearly required to find Applicant committed all of the elements of each offense before reaching a conviction. Applicant cannot establish that reference to the complainants as victims caused the jury to convict him.

The Texas Court of Criminal Appeals subsequently denied the application for a writ of habeas corpus. The Director accordingly argued that relief should be denied because the Texas Court of Criminal Appeals' rejection of this argument was reasonable.  Indeed, the Petitioner has not shown that his attorney was deficient or that he was prejudiced by deficient representation because counsel failed to file a motion in limine to prevent the State and its witnesses from referring to the complainants as victims.  Relief should also be denied on the sixth ineffective assistance of trial counsel claim because the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

The Petitioner's final ineffective assistance of trial counsel claim complained that counsel did not call him to testify.  Trial counsel responded to the complaint as follows:

> During Mr. Bucknell's trial and before the start of the trial I absolutely advised Mr. Bucknell that he had a right to testify in his own behalf.  However, because of the evidence that was admitted at trial, particularly the video of his statement to police, I advised him that in my opinion it would be in his best interest not to testify.  I believe the video clearly showed him denying the actual offense alleged although there was some statements in the video which corroborated part of the alleged victim's story.  Further, the video showed the police attempting to use interrogation tactics to get him to confess to the exact allegations that were later the basis of the charges against him.  I believed that this video, with his denial of specific offenses, his demeanor in the video, and the demeanor of the officer in the video gave him the best opportunity to tell his side of the story to the jury without being subject to cross examination by the prosecutor in this case.  I simply did not feel that him testifying would help him and in fact would hurt his chances of an acquittal.  With Mr. Bucknell's admitted history of drug use during the time period of the alleged offenses I was even more reluctant to advise him to testify.  Mr. Bucknell clearly understood that he could have testified and chose not to. During the trial he never tried to persuade me that he should testify or that he wanted to testify in his trial and agreed with my advice that he should not testify.

The state trial court subsequently made the following conclusions:

> In Applicant's seventh claim, he urges that trial counsel was deficient for not calling him to testify.  Counsel unequivocally explained that Applicant had the right to testify in his own behalf, and Applicant clearly understood that.  Counsel advised Applicant not to testify because he believed his denials to committing the offenses were contained in his statements to the police as well as interrogation tactics that could be urged as coercive.  Counsel believed that information would be conveyed much more positively than through the cross-examination of the prosecutor on the case.  Coupled with his admitted drug use, counsel advised Applicant not to testify.  Applicant never disagreed or sought to change his mind during trial. Applicant's sole criticism is trial counsel's advised strategy, which cannot be second-guessed after obtaining an unfavorable verdict.  *See Miniel v. State*, 831 S.W.3d 310, 323 (Tex. Crim. App. 1992).  Trial counsel's defense was to urge the complainant's testimony was not truthful, and he accomplished this through cross-examination of the State's witnesses, including the victims and his ex-wife.

12

The Texas Court of Criminal Appeals then denied the application without written order.  The Director argued that the rejection of this claim was reasonable.

The Fifth Circuit has rejected ineffective assistance of counsel claims based on trial counsel's failure to call a defendant as a witness where counsel reasonably believed that the defendant's testimony could be too harmful.  *See Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001); *Hellenbeck v. Estelle*, 672 F.2d 451, 454 (5th Cir. 1982).  The present claim involves nothing more than counsel's trial strategy that the Petitioner should not testify, and the Petitioner has not overcome the presumption of sound trial strategy in this case.  The trial court appropriately noted, however, that a totally separate issue exists if counsel prevented the Petitioner from testifying.  A defendant's right to testify is a fundamental constitutional one and is personal to him.  *Rock v. Arkansas*, 483 U.S. 44, 49-52 (1987).  Counsel had a duty to inform his client why he believes that it would be dangerous or unwise to testify, but the decision belongs to the defendant.  *United States v. Mullins*, 315 F.3d 449, 454 (5th Cir. 2002).  When a defendant is informed that he has a right to testify and that no one can prevent him from testifying, and the defendant understands the right, his claim of ineffective assistance of counsel for advising him not to testify is waived.  *United States v. Brown*, 217 F.3d 247, 259 (5th Cir. 2000), *cert. denied*, 531 U.S. 973 (2000).  The Petitioner never disagreed with counsel's recommendation.  He does not have a basis for a meritorious ineffective assistance of counsel claim simply because counsel advised him not to testify.

Relief should be denied on the final ineffective assistance of trial counsel claim for the additional reason that the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

The final ineffective assistance of trial counsel claim included an unrelated allegation.  The Petitioner asserted that counsel failed to present any defense at all.  Once again, he offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus.  *See Miller v. Johnson*, 200 F.3d at 282;  *Koch v. Puckett*, 907 F.2d at 530; *Ross v. Estelle*, 694 F.2d at 1011.

13

Still, this issue was fully developed during the state habeas corpus proceedings.  Trial counsel made the following response in his affidavit:

> Based on my investigation of this charge and the facts that I had knowledge of there were no witnesses I would have called that would have assisted in showing reasonable doubt in this case.  The live testimony of the complainant children in these cases was very compelling.  Further, Mr. Bucknell's testimony corroborated the complainants up until the point of the actual alleged offense.  This case, with no scientific evidence, came down to a question of credibility of the complainant children.

The trial court, in turn, issued the following conclusion:

> Trial counsel's defense was to urge that the complainant's testimony was not truthful, and he accomplished this through cross-examination of the State's witnesses, including the victims and his ex-wife.  Finally, Applicant does not suggest any other witness available, willing to testify, and with beneficial testimony that counsel should have called.  *See Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986).

The Texas Court of Criminal Appeals subsequently denied his application.  Relief should be denied on this claim because the Petitioner did not satisfy his burden under § 2254(d) of showing that the decision of the Texas Court of Criminal Appeals was unreasonable in order to obtain federal habeas corpus relief.

The Court would note that counsel had a duty to conduct a reasonable amount of pretrial investigation.  *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Lockhart v. McCotter*, 782 F.2d 1275 (5th Cir. 1986).  "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial."  *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).  The Petitioner failed to satisfy his burden.

The duty to investigate includes seeking out and interviewing potential witnesses.  *Lockhart*, 782 F.2d at 1282; *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). To succeed on the claim, a petitioner must show that had counsel investigated the claim he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.,* 469 U.S. 1041 (1984).  Conclusory claims are insufficient to entitle a habeas

14

corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). *See also King v. Cockrell*, 33 Fed. Appx. 703 (5th Cir. 2002). In the present case, the Petitioner once again made a conclusory claim. He failed to develop the claim and show that he was entitled to relief based on ineffective assistance of trial counsel. This claim, like all of the ineffective assistance of trial counsel claims, lacks merit.

The Petitioner next argued that his appellate attorney was ineffective for failing to raise the denial of an Article 38.072 hearing on appeal. The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1999). Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the Petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

The Court previously explained why the Petitioner's allegations about the denial of an Article 38.072 hearing lacked merit. The explanation is equally applicable to the Petitioner's ineffective assistance of appellate counsel claim. Appellate counsel did not have any basis for raising the claim on direct appeal.

Finally, with respect to all of the Petitioner's claims, it should be reiterated that relief should be denied because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).

In conclusion, the petition for a writ of habeas corpus lacks merit and should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).   Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*;  *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

16

<u>Recommendation</u>

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and the case be dismissed with prejudice.  A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 28th day of March, 2013.**


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

17